747 So.2d 196 (1999)
STATE of Louisiana
v.
Judy J. JORDAN, Defendant-Appellant.
No. CR99-484.
Court of Appeal of Louisiana, Third Circuit.
November 24, 1999.
William E. Tilley, District Attorney, for State of La.
Lisa K. Nelson, Leesville, for Judy Jordan a/k/a Judy Williams.
Judy Jordan a/k/a Judy Johnson, pro se.
BEFORE: THIBODEAUX, COOKS, AND WOODARD, Judges.
*197 COOKS, J.
Judith "Judy" Jordan pled guilty to possessing cocaine, a violation of La.R.S. 40:967(C) and La.R.S. 40:964(A)(4). She was sentenced to serve five years at hard labor. Jordan appealed her sentence alleging it was excessive. Judith's attorney later filed an Anders brief claiming there are no meritorious grounds for appeal and motioned this court to withdraw as counsel of record. We grant counselor's motion and affirm Judith's sentence.

FACTS
On June 22,1998, Judith Jordan was arrested for shoplifting in a Leesville grocery store. During a search conducted incident to her arrest, the officers discovered a "crack" pipe and a "rock of crack" cocaine inside her cigarette case. She was charged in three separate counts with committing theft under a $100.00, possessing drug paraphenellia and possessing cocaine. The court appointed Ms. Lisa Nelson to represent Judith on these charges.
Also pending against Judith was an earlier distribution of cocaine charge assigned to a different division of the court. Mr. Guy Smith represented her on this charge. On November 4, 1998, Judith (represented by both attorneys) executed a plea agreement with the State. Pursuant to the agreement, the charges arising on June 22, 1998 were transferred to the same division where the distribution of cocaine charge was pending. The State dismissed the theft and possession of drug paraphernalia charges and agreed not to file a habitual offender bill against Judith. In return, Judith pled guilty to possessing cocaine on June 22, 1998 and to committing an earlier but lesser included offense of attempted distribution of cocaine.
Judith was sentenced to serve twelve-years at hard labor for attempted distribution of cocaine, and five years at hard labor for possession of cocaine. The judge ordered the sentences run concurrently. Her attorneys filed separate motions to reconsider the sentences, but the motions were denied. Likewise, the attorneys filed separate appeals alleging the sentences are excessive. This appeal addresses Judith's complaint that her five-year hard labor sentence for possessing cocaine on June 22, 1998 is excessive.[1]

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we have discovered one patent error. The trial court did not inform Judith that the offenses to which she pled could be used to enhance the penalty for subsequent offenses she may commit nor did it inform her of the possible penalties for future offenses. La. Code Crim.P. art.556.1(E), which became effective August 15, 1997, provides: "In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses." Judith pled guilty to possessing cocaine. La.R.S. 40:982 allows imposition of an enhanced penalty for a second or subsequent offense involving drugs, including possession of cocaine.
Since the requirement to inform Judith of an enhanced penalty for a second or subsequent offense is statutory rather than constitutional, and Judith does not claim she was prejudiced by the trial court's failure to so inform her, we find the error was harmless. Furthermore, we note the guilty plea form signed by Judith contained a warning that her guilty plea could be used to enhance the penalty for any future offense she may commit.

ANALYSIS
As mentioned, Judith's counsel filed an Anders brief claiming there are no meritorious *198 grounds for appeal; and she filed a motion to withdraw as counsel. A copy of the brief was forwarded to Judith; and she has not elected to file a pro se supplemental response. In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court created a procedure for attorneys representing indigent defendants on appeal to obviate their perceived need to raise frivolous issues. The procedure was approved by the Louisiana Supreme Court in State v. Mouton, 95-981 (La.4/28/95); 653 So.2d 1176.
As a threshold requirement in an Anders appeal, counsel for the defendant must conduct a thorough review of the record and discuss any issues that arguably may have merit. In other words, an Anders appeal should provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." State v. Mouton, 653 So.2d at 1177.
The Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241, recently discussed in detail what is required in an Anders brief:
An Anders brief need not catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit.... Nevertheless, "[u]nlike the typical advocate's brief in a criminal appeal, which has as its sole purpose the persuasion of the court to grant relief," the Anders brief must "assure the court that the indigent defendant's constitutional rights have not been violated." Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.
Id. at 241 (citation omitted).
We have reviewed the brief filed by defense counsel, and find it complies with the Supreme Court's instructions in Jyles. Although counsel could have urged the trial judge did not discuss all the factors set fourth in La.Code Crim P. art. 894.1, the judge is not required to list every aggravating or mitigating circumstance. He need only state for the record the considerations taken into account and the factual basis for the sentence imposed. Articulation of a factual basis for a sentence is the goal of La.Code Crim.P. art. 894.1, not rigid or mechanical compliance with its provisions. Because the record clearly shows an adequate factual basis for the sentence imposed, remand of the case is unnecessary even without full compliance with La.Code Crim.P. art. 894.1 State v. Hardaway, 98-104 (La.App. 3 Cir. 6/3/98); 715 So.2d 507. Accordingly, defense counselor's motion to withdraw as attorney of record is granted.
State v. Benjamin, 573 So.2d 528 (La. App. 4 Cir.1990), also requires that we perform an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and the pertinent transcripts contained in the appellate record.
An investigation of these documents revealed the following. A bill of information properly charged Judith in one count with unlawfully possessing cocaine. She was present with counsel at each stage of the proceedings from arraignment through sentencing. At arraignment, Ms. Lisa K. Nelson was appointed to serve as Judith's attorney, and Judith entered a not guilty plea to all counts pending against her. Counsel filed pretrial motions to reduce bond and requested a preliminary examination. There was no trial because Judith pled guilty on November 4, 1998. The record contains a written waiver of constitutional rights and a plea of guilty form. *199 The trial judge thoroughly questioned Judith to assure she understood the terms of the plea agreement, and she was not coerced or induced to accept it. He then informed Judith he could sentence her to the maximum term of imprisonment, he could suspend any jail time and place her on probation, or he could sentence her to serve time in jail ranging from the minimum and to the maximum term allowed by statute for the crime she committed. Finally, the trial judge took steps to assure that Judith understood her Boykin rights and that she freely waived them. The trial judge ordered preparation of a presentence investigation report; and subsequent to its submission sentenced Judith to serve five years at hard labor for illegally possessing cocaine.
As discussed, we have not discovered any patent statutory or constitutional errors requiring reversal of Judith's conviction. We turn now to review her sentence for constitutional excessiveness.
Judith had three prior felony convictions. She was on parole from Texas for distribution of controlled dangerous substances, and had been recently arrested again for distributing cocaine. In addition to her three prior felony convictions, Judith had been convicted in Leesville City Court for committing 32 misdemeanors.
Judith benefitted greatly from the plea bargain she negotiated with the State; Two felony charges were dismissed, another felony charge was reduced, and the State agreed not to pursue a habitual offender adjudication hearing. See e.g., State v. Blanchard, 97-562 (La.App. 3 Cir. 10/29/97); 702 So.2d 1162. The present crime was committed while she was on parole for a felony drug conviction and on bail for yet another arrest for distribution of "crack" cocaine.
The five-year sentence imposed in this case for her continued criminal conduct was quite lenient and certainly not excessive. We recognize the five-year sentence is the maximum the trial judge could have imposed for Judith's offense. However, he elected to run the sentence concurrent with Judith's twelve-year sentence for attempted distribution of cocaine. The net result is a "wash"the greater negates the lesser.

DECREE
Accordingly, defendant's conviction is affirmed and defense counsel's motion to withdraw is granted.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.
THIBODEAUX, J., DISSENTS AND ASSIGNS WRITTEN REASONS.
THIBODEAUX, J. dissenting.
I dissent from the majority's conclusion that a violation of La.Code Crim.P. art. 556.1 is harmless. The trial court's failure to inform the defendant of the possible use of her plea for enhancement purposes is, in my opinion, reversible error. The fact that this is a statutory rather than constitutional requirement is of no moment. Further, the majority's conclusion that prejudice must be shown because it is a statutory violation is incorrect. This conclusion by the majority implies that it is not necessary to show prejudice or demonstrate a substantial impact on one's rights if a constitutionally protected right was abrogated. In times too numerous to mention, courts have held that the violation of certain constitutional rights is harmless error. It is improper to construe express statutory requirements as being discretionary, while construing constitutional requirements as being mandatory. There is no reason whatsoever to find that a violation of a statutory requirement is harmless error, whereas a violation of a constitutional requirement constitutes reversible error. If so, then the violation of La.Code Crim.P. art. 556.1 is indeed reversible because it incorporates some of the very items referred to in Article 1, § 13 of our Louisiana Constitution.
*200 For the foregoing reasons, I respectfully dissent.
NOTES
[1] In a separate opinion entitled State v. Jordan, bearing docket number CR99-477, we reviewed and found without merit defendant's contention that her twelve-year hard labor sentence for attempted distribution also is excessive.