STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-641

STATE OF LOUISIANA

VERSUS

BERT D. WHITFIELD, JR.

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 73097
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Oswald A. Decuir, Judges.

AFFIRMED.

William E. Tilley
District Attorney - 30th Judicial District Court
Terry W. Lambright
Assistant District Attorney - 30th Judicial District Court
P. O. Box 1188
Leesville, LA 71446
Telephone: (337) 239-2008
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Mark O. Foster
Louisiana Appellate Project
P. O. Box 2057
Natchitoches, LA 71457
Telephone: (318) 572-5693
COUNSEL FOR:
    Defendant/Appellant - Bert D. Whitfield, Jr.

**THIBODEAUX, Chief Judge.**

The Defendant, Bert Whitfield, Jr.[1] pled guilty to possession of cocaine, La.R.S. 40:967 and possession of marijuana, La.R.S. 40:966. He was sentenced to serve four years at hard labor and to pay a fine of $1,500 on the cocaine charge and to serve six months in the parish jail and to pay a fine of $500 on the marijuana charge. The sentences were ordered to run concurrently.

The Defendant appeals on the basis of excessiveness of sentence. We affirm.

## Cruel, Unusual, and Excessive Punishment

The Defendant contends the sentence imposed by the trial court were cruel, unusual, and excessive in violation of Article 1, § 20 of the Louisiana Constitution. The Defendant argues that the record does not support his receiving maximum or near maximum sentences. The Defendant further asserts the record contains little or no evidence that the trial court reviewed the mitigating factors listed in La.Code Crim.P. art. 894.1. Additionally, the Defendant asserts the trial court failed to consider, as mitigating factors, the fact that he was gainfully employed, that he showed remorse for his actions, and that he attempted to set the matter right with his guilty plea.

In his motion to reconsider, the Defendant argued that the sentences imposed were excessive "given due consideration to the facts and circumstances of the case, the pre-sentence investigation and its results, and any and all other matters at the disposal of the court at the time said sentence was imposed."

In his motion to reconsider, the Defendant did not assert the trial court failed to comply with La.Code Crim.P. art. 894.1 or to consider any mitigating

---

[1] The bill of information lists the Defendant's name as Bert Dean Whitfield. However, the State orally amended the name to read as Bert Whitfield, Jr.

factors. The Defendant's failure to include these specific grounds in his motion to reconsider precludes him from urging the same for the first time on appeal. Thus, these allegations are not properly before this court and will not be considered. *State v. Curtis*, 08-99 (La.App. 3 Cir. 6/5/08), 987 So.2d 294. We will, however, determine if the Defendant's sentences are excessive.

> The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. . . . The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> *State v. Davenport*, 07-254, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967 So.2d 563, 565.

*State v. Carter*, 07-1237, p. 32 (La.App. 3 Cir. 4/9/08), 981 So.2d 734, 754.

The Defendant pled guilty to possession of cocaine. The penalty for that offense is a sentence of up to five years and a possible fine of not more than $5,000. La.R.S. 40:967(C)(2). The Defendant was sentenced to four years at hard labor and ordered to pay a fine of $1,500. The Defendant also pled guilty to possession of marijuana. The penalty for that offense is a fine of not more than $500, imprisonment in the parish jail for not more than six months, or both. La.R.S. 40:966(E)(1). The Defendant was sentenced to six months in the parish jail and ordered to pay a fine of $500. The two sentences were ordered to run concurrently.

The Defendant has three prior felony convictions. At the sentencing hearing, the trial court noted the Defendant was convicted in 1988 of breaking and entering and possession of stolen property, both felonies, and of aggravated burglary in 1996. Additionally, as part of the plea bargain in the case before the court, a charge of possession of MDMA was dismissed and the State agreed not to seek enhancement of the Defendant's sentences under La.R.S. 15:529.1. The penalty for the dismissed offense was a sentence of not more than ten years and a possible fine of not more than $5,000.00.

In *State v. Jordan*, 99-484 (La.App. 3 Cir. 11/24/99), 747 So.2d 196, this court noted the defendant was a third felony offender and upheld her five-year sentence for possession of cocaine. In *State v. Williams*, 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744, this court affirmed the defendant's sentence of five years after noting he had two prior drug convictions.

Based on the Defendant's criminal history, the benefit he received from the plea bargain, the fact that his sentences were ordered to run concurrently, and the cases cited herein, the Defendant's sentences are not excessive.

## ERRORS PATENT

There is a misjoinder of offenses in the bill of information. The bill of information charged the Defendant with the following: (1) possession of 3, 4-methylenedioxymethamphetamine, a violation of La.R.S. 40:966; (2) possession of cocaine, a violation of La.R.S. 40:967; and (3) possession of marijuana, a violation of La.R.S. 40:966.

Louisiana Code of Criminal Procedure Article 493 provides for the joinder of offenses in a single bill under limited circumstances if the offenses joined are triable by the same mode of trial. La.Code Crim.P. art. 493.2 allows joinder of

3

offenses in which punishment is necessarily confinement at hard labor to be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor under limited circumstances. Count one, in which the punishment is necessarily confinement at hard labor, is triable by a jury composed of twelve jurors, ten of whom must concur to render a verdict. La.Code Crim.P. art. 782 and La.Const. art. 1, § 17. Count two is punishable with or without hard labor and is triable by a six-person jury, all of whom must concur. Count three, a misdemeanor, is triable by a judge without a jury. La.Code Crim.P. art. 779. Consequently, counts one and two were properly joined under La.Code Crim.P. art. 493.2. Count three, the misdemeanor, was improperly joined. However, the Defendant did not file a motion to quash the bill of information on the basis of misjoinder of offenses, as required by statute. La.Code Crim.P. art. 495. Additionally, by entering an unqualified guilty plea, the Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Thus, this error is precluded from review.

Next, because the possession of marijuana charge was not triable by jury, the proper mode of appellate review for this offense was an application for writ of review, rather than an appeal. La.Code Crim.P. art. 912.1. In *State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084, this court severed a misdemeanor conviction for possession of marijuana from the defendant's appeal of two felony convictions. This court ordered the "defendant to file a writ of review regarding the possession of marijuana conviction in compliance with the Rules of Court." *Id.* at 289. In *Turner*, the court noted that the defendant did not make any specific arguments regarding the misdemeanor conviction. This court considered the notice of appeal as a notice to file a writ of

review within thirty days of its opinion, if the defendant desired to seek review of the misdemeanor conviction.

However, unlike *Turner*, the Defendant specifically argues excessiveness as to the sentences imposed for both offenses - possession of cocaine and possession of marijuana. The trial court imposed the maximum terms of imprisonment for each offense and ordered the sentences to run concurrently. Thus, the sentences are intertwined with one another. Accordingly, we will not sever the misdemeanor conviction for possession of marijuana. In the interest of judicial economy, we shall address the issue involving the misdemeanor conviction as if the issue were before the court on supervisory writs. *State v. Williams,* 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744.

## CONCLUSION

The Defendant's sentences are affirmed.

**AFFIRMED**.