STATE OF LOUISIANA
v.
BENNIE RAY COCHRAN, JR.
No. 08-1281
Court of Appeals of Louisiana, Third Circuit.
April 1, 2009.
Not Designated for Publication
WILLIAM E. TILLEY, District Attorney  30th Judicial District Court COUNSEL FOR: Plaintiff/Appellee  State of Louisiana
G. PAUL MARX, Louisiana Appellate Project COUNSEL FOR: Defendant/Appellant  Bennie Ray Cochran, Jr.
TERRY WAYNE LAMBRIGHT, COUNSEL FOR: Plaintiff/Appellee  State of Louisiana
Court composed of THIBODEAUX, Chief Judge, PAINTER, and GREMILLION, Judges.
THIBODEAUX, Chief Judge.
The Defendant, Bennie Ray Cochran, Jr., appeals his sentence of five years at hard labor for the charges of possession of cocaine and possession of the legend drug, Tramadol, and his sentence of six months in the parish jail for possession of drug paraphernalia. The sentences were to run concurrently. His motion to reconsider the sentences was denied.

FACTS
At the guilty plea hearing, the State recited the following facts: BY MR. KRAMAR:
Your Honor, the State contends that on the date alleged in the Bill of Information, November 2nd, of 2007, police officers were summonsed to the motel where Mr. Cochran and, apparently, another companion working  someone that he worked with were staying. On their arrival in questioning persons present, I believe, there was another male or another two males, two females also, an officer observed in plain view what he suspected was some crack Cocaine as well as what he also suspected was some paraphernalia. The ensuing search, pursuant to the detention of the defendant  well, several persons, actually, led to the discovery of some prescribed medications that were there in Mr. Cochran's room, that although they were prescribed they weren't prescribed to him. The smoking devices that were found for the use of crack Cocaine also were considered as paraphernalia and whether claimed as his they were within his control and as to some of the Cocaine it was actually in plain view when the officer entered the room. But this was here in Leesville within Vernon Parish.

Excessiveness of Sentence
The Defendant contends that his sentence is constitutionally excessive. In particular, his attorney contends that the maximum sentence was excessive for this out-of-state resident who was at most in "constructive possession" of cocaine and who has a brief felony record. He also contends that the costs associated with incarcerating an out-of-state resident is outweighed by the State's interest in deterring his criminal behavior.
In his motion to reconsider sentence, the Defendant asserted no specific grounds for his claim of excessiveness. Thus, his excessiveness claim, as it relates to these arguments, is barred by La.Code Crim.P. art. 881.1(E). However, in the interest of justice, this court has chosen to review such an assignment as a bare claim of excessiveness. State v. Hargrave, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, writ denied, 06-1233 (La. 11/22/06), 942 So.2d 552.
This court has set forth the following standard to be used in reviewing excessive sentence claims:
La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. State v. Etienne, 99-192 [p. 5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, writ denied, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Cook, 95-2784 [p. 3] (La. 5/31/96); 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
State v. Barling, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, writ denied, 01-838 (La. 2/1/02), 808 So.2d 331.
To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:
[An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. State v. Smith, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." State v. Batiste, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." State v. Cook, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.
State v. Smith, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, writ denied, 03-562 (La. 5/30/03), 845 So.2d 1061.
The Defendant pled guilty to possession of cocaine and possession of legend drug. Each offense carries a sentence of up to five years, with or without hard labor, and a possible fine of not more than five thousand dollars. La.R.S. 40:967(C)(2) and 40:1238.1(C). Thus, the Defendant received the maximum sentence for each offense.
When sentencing the Defendant, the trial court gave the following reasons:
BY THE COURT:
It appears that this man has quite an extensive record that he being a fourth felony offender according to the probation report. The Court finds that there's not really any provocation for this conduct, that there is an undue risk that during a period of suspended sentence or probation he might commit this offense again or another offense based on his history. The Court feels that a lesser sentence will deprecate the seriousness of this offense.
The trial court gave adequate consideration to the factors in La.Code Crim.P. art. 894.1 and, in particular, considered the Defendant's pattern of criminal activity. In addition, the Defendant received a substantial benefit from his plea agreement with the State. The Defendant was originally charged with possession of cocaine with the intent to distribute, which carries a sentence of up to thirty years and a possible fine of up to fifty thousand dollars. By entering into a plea bargain, the Defendant dramatically reduced his sentencing exposure from a maximum of thirty years to a maximum of five years.
In State v. Montgomery, 42,432 (La.App. 2 Cir. 9/19/07), 966 So.2d 127, the court noted the Defendant was a second felony offender with an extensive criminal history and upheld the maximum five year sentence for the possession of cocaine. In State v. Jordan, 99-484 (La.App. 3 Cir. 11/24/99), 747 So.2d 196, this court affirmed the Defendant's sentence of five years for the possession of cocaine after noting he was a third felony offender. In State v. Williams, 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744, this court affirmed the penalty for a third felony offender who was sentenced to five years at hard labor and a fine of $1,500 for possession of cocaine.
Considering the Defendant is a fourth felony offender with an extensive criminal history, the benefit he received from his plea bargain, and the cases cited herein, the Defendant's concurrent sentences of five years at hard labor are not constitutionally excessive. Additionally, the record reveals that the sentencing judge stated an adequate factual basis before imposing sentence, noting, "[t]he facts are these officers went to a motel room to investigate a complaint and while they were there they saw these drugs in plain view while Mr. Cochran was there in the room." Thus, the trial court did not abuse its discretion, and the Defendant's sentences are affirmed.

ERRORS PATENT & PROCEDURAL ISSUE
There is one error patent and a procedural issue requiring discussion. First, there is a misjoinder of offenses in the bill of indictment. Before the bill of information was amended to the charges under consideration, the Defendant was charged with two felony offenses, possession of cocaine with intent to distribute cocaine and possession of Tramadol. These offenses were joined in a single bill of information with a misdemeanor, possession of drug paraphernalia. The felonies are triable by a jury; the misdemeanor is not. Louisiana Code of Criminal Procedure Article 493 does not permit such a joinder. However, the Defendant did not file a motion to quash on the basis of misjoinder of offenses. La.Code Crim.P. art. 495. Also, by entering an unqualified plea of guilty, the Defendant waived review of this non-jurisdictional defect. See State v. Crosby, 338 So.2d 584 (La.1976).
Next, because the possession of drug paraphernalia charge was not triable by jury, the proper mode of appellate review for this offense is an application for writ of review, rather than an appeal. La.Code Crim.P. art. 912.1. We, therefore, sever the misdemeanor conviction from the appeal and order the Defendant to file a writ of review within thirty days of this opinion regarding the misdemeanor conviction in compliance with the Uniform Rules of Court, if he so desires. See State v. Turner, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, writ denied, 05-871 (La. 12/12/05), 917 So.2d 1084.

CONCLUSION
This court severs the Defendant's misdemeanor conviction from his appeal and instructs the Defendant that, if he chooses to seek review of his misdemeanor conviction, he should file an application seeking supervisory review with this court within thirty days of this court's ruling on his appeal.
The sentences for possession of cocaine and possession of legend drug are not constitutionally excessive and are affirmed.
AFFIRMED.