NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1561

STATE OF LOUISIANA

VERSUS

ROY J. CHAPMAN, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR1136-06
HONORABLE HERMAN I. STEWART, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and J. David Painter, Judges.

**AFFIRMED IN PART; SENTENCE VACATED AND
REMANDED FOR RESENTENCING IN PART.**

David W. Burton
District Attorney
36ᵗʰ Judicial District Court
P. O. Box 99
DeRidder, LA 70634
(337) 463-5578
Counsel for Plaintiff/Appellee:
    State of Louisiana

Annette Roach
Louisiana Appellate Project
P. O. Box 1747
Lake Charles, LA 70602-1747
(337) 436-3384
Counsel for Defendant/Appellant:
    Roy J. Chapman, Jr.

**James R. Lestage**
**Assistant District Attorney**
**36th Judicial District Court**
**P. O. Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**DECUIR, Judge.**

Defendant, Roy J. Chapman, Jr., was charged with possession of hydrocodone, a violation of La.R.S. 40:967; possession of diazepam, a violation of La.R.S. 40:969; illegal carrying of weapons, a violation La.R.S. 14:95. Subsequently, the State filed an amended bill of information charging Defendant with attempted illegal carrying of weapons, in violation of La.R.S. 14:27 and 14:95; and second-offense possession of marijuana, in violation of La.R.S. 40:966. Defendant appeared in open court and entered guilty pleas to the charges.

Defendant received a sentence of three years at hard labor and a $1,500.00 fine for attempted illegal carrying of weapons, and two years at hard labor with a $1,000.00 fine for second-offense possession of marijuana. The sentences are concurrent.

Defendant now seeks review in this court, assigning eight errors.

## FACTS

There was no factual recitation at the guilty plea hearing. However, at the sentencing hearing, Defendant admitted he used marijuana on the night of his arrest, and also that he was in possession of firearms, including an AR-15 and an SKS, both referred to in the record as "assault rifle(s)."

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Defendant argues that possession of marijuana was a necessary element of both offenses to which he pled guilty, *i.e.*, possession of marijuana, second offense, and attempted illegal carrying of weapons. Therefore, he contends his conviction on both charges violates the double jeopardy prohibition.

As noted earlier, Defendant entered guilty pleas on the charges at issue. The supreme court has explained:

> Generally, guilty pleas constitute a waiver of all non-jurisdictional defects, *see, e.g., State v. McKinney*, 406 So.2d 160, 161 (La.1981), and

generally courts review them only to ensure that the plea "was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). Though the Supreme Court and this Court have created an exception to this rule for double jeopardy violations, *Broce*, 488 U.S. at 575-76, 109 S.Ct. at 765; *State ex rel. Adams v. Butler*, 558 So.2d 552, 553 n. 1 (La.1990), that exception applies only "where on the face of the record the court had no power to enter the conviction or impose the sentence." *Broce*, 488 U.S. at 575-76, 109 S.Ct. at 765. Properly applied, the exception requires limited review of only the charging documents and plea colloquy. See *Hagan v. State*, 836 S.W.2d 459, 461 (Mo.1992). The instant case by contrast required the court of appeal's probing analysis and numerous fact-bound determinations implicating a wide variety of materials to suggest a possible obscure double jeopardy violation, *while under proper facial review of the charging documents and plea colloquy*, *Arnold shows no double jeopardy violation*. See La.C.Cr.P. art. 930.2.

*State v. Arnold*, 01-1399, p. 1 (La. 4/12/02), 816 So.2d 289, 290. (Emphasis added).

Within the strictures imposed by *Arnold*, Defendant's argument fails. Neither the bill nor the plea colloquy clarify what underlying drug possession supported the illegal carrying of weapons charge.

The amended bill in this case does not demonstrate that a double jeopardy violation occurred. It does not specify what drug supported the illegal carrying of weapons charge. Thus, under *Arnold*, the assignment lacks merit.

**ASSIGNMENT OF ERROR NO. 2**

In his second assignment of error, Defendant argues that his plea bargain included an agreement that parole, probation, and suspension of sentence would be available, when by statute, La.R.S. 14:95(E), it is not. Therefore, he seeks to withdraw his plea. Although there was no motion to withdraw the guilty plea below, we will proceed with the review in accordance with *State v. Casson*, 07-1081 (La.App. 3 Cir. 2/4/09), 2 So.3d 1246.

The State concedes that at the guilty plea hearing, the prosecutors thought the court had discretion to allow the benefits of parole, probation, or suspension of

sentence. However, it argues that the record shows the matter of sentencing benefits was always stated to be within the trial court's discretion.

Our review of the record clearly shows the matter of sentencing benefits was intended to be within the trial court's discretion. Therefore, even if such benefits were statutorily available, the court could have denied them completely without voiding the terms of the plea agreement. Since that is the same result as what has actually transpired, *i.e.*, complete denial of parole, probation, and suspension of sentence, the plea agreement has not been violated by the lack of sentencing benefits. Thus, this portion of the assignment lacks merit.

Defendant also notes that at the plea hearing, a prosecutor erroneously stated that the maximum sentence for attempted illegal carrying of weapons would be two and one-half years. Further, his trial counsel agreed with this misstatement. Thus, Defendant contends the record shows that he believed he had a plea agreement that included a two and one-half year sentencing cap. Since the sentence he received exceeded that cap, Defendant argues the case should be remanded to allow him an opportunity to withdraw his plea.

However, the State argues – and Defendant acknowledges – that the trial court informed Defendant of the correct maximum sentence before accepting the plea. After the court recited the maximum possible penalty to him, Defendant stated that he understood.

Clearly, the attorneys for both sides were mistaken regarding the sentence. However, the record does not indicate that the sentence was part of the bargain. In other words, the sentencing term was not a *sine qua non* of the plea agreement. The plea form says nothing about the sentence. Considered along with the trial court's

3

correct recitation of the maximum sentence, these facts indicate that this portion of the assignment also lacks merit.

## ASSIGNMENT OF ERROR NO. 3

In this assignment, Defendant complains that no factual basis was given at his plea hearing, and no factual finding was made by the trial court. Further, he argues:

> At the beginning of the proceedings, defense counsel noted to the court "if the plea is accepted in terms of the intent under count 1, ...". (R.p. 113). This comment indicates two things - first that there had been discussions outside the record as to the appropriateness of this charge and, two, that the court was put on notice as to a deficiency in the State's case with regard to count one.
>
> "When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a *significant factual basis* for the defendant's plea." *State v. Linear*, 600 So.2d 113, 115 (La.App. 2 Cir.1992); *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

*State v. Johnson*, 04-1266, pp. 6-7 (La.App. 3 Cir. 2/2/05), 893 So.2d 945, 950.

The State's remark regarding intent did not put the court on notice that a *factual* recitation was needed. If anything, it may have indicated some *legal* question regarding intent, but such an argument is not now at issue.

Since a factual basis was not required, this assignment lacks merit.

## ASSIGNMENT OF ERROR NO. 4

In his fourth assignment of error, Defendant argues the trial court labored under the erroneous belief that La.R.S. 14:27 (Attempt) and La.R.S. 14:95 (Illegal Carrying of Weapons) carried a minimum sentence of two and one-half years. He notes the trial court specifically stated this was the minimum term.

The State concedes the error, that the sentence at issue should be vacated, and that the case be remanded for resentencing on the illegal carrying of weapons charge. As both parties observe, on November 10, 2004, this court issued *State v. Everett*, an

4

unpublished opinion bearing docket number 04-808. *Everett* addressed a sentence for attempted possession of a firearm. This court vacated the sentence because the trial judge mistakenly thought there was a mandatory minimum sentence of five years. Citing *State v. Callahan*, 95-1331 (La. 3/29/96), 671 So.2d 903, the *Everett* panel held that there was no minimum term.

Thus, the assignment has merit. Defendant's sentence for illegal carrying of weapons is vacated, and the case remanded for resentencing on that conviction.

**_____ASSIGNMENTS OF ERROR NOS. 5-7**

Defendant consolidates these assignments of error in his brief, as all three attack his sentences. For the reasons noted in the previous analysis, only the sentence for second-offense possession of marijuana is at issue in these assignments. That sentence is discussed in the seventh assignment of error. Defendant's sixth assignment, which addresses the other sentence, is moot. For the marijuana offense, the court sentenced Defendant to two years at hard labor, with a one-thousand dollar fine. On October 31, 2008, Defendant filed a pro se motion to reconsider the sentences, alleging the sentences were excessive in light of his bad health and lack of a serious criminal record. The court denied the motion, without a hearing and without reasons, on the same date.

Defendant also argues, in his fifth assignment of error, the trial court did not sufficiently articulate the factors it considered in formulating the sentence, pursuant to La.Code Crim.P. art. 894.1. Defendant did not include this argument in his motion to reconsider sentence. Therefore, it was not preserved for review. *State v. Whitfield*, 08-641 (La.App. 3 Cir. 12/10/08), 998 So.2d 935. Thus, Defendant's fifth assignment of error lacks merit. The remaining assignment to be addressed is Defendant's seventh, which is a general attack on his sentences as excessive. As previously noted,

5

only his two-year sentence (with a one-thousand dollar fine) for second-offense possession of marijuana remains at issue. Defendant also argued excessiveness in his motion to reconsider sentence.

As Defendant acknowledges, the maximum sentence he could have received for this offense was five years, with a two-thousand dollar fine. Thus, the term he received was less than half the maximum, and the fine was half the maximum. La.R.S. 40:966(E)(2).

The test for excessiveness is well-settled:

> The standard of review for Louisiana appellate courts in determining whether a sentence levied upon a particular defendant was excessive is the manifest-abuse-of-discretion standard. *State v. Guzman*, 99-1753 (La. 5/16/00), 769 So.2d 1158. A trial judge has considerable latitude in imposing sentences within the constraints provided by law. *State v. Thompson*, 02-0333 (La. 4/9/03), 842 So.2d 330. However, in *State v. Marshall*, 94-0461, p. 24 (La. 9/5/95), 660 So.2d 819, 829, the Louisiana Supreme Court held that "[a] sentence may violate a defendant's constitutional right against excessive punishment even if it is within the statutory limit," *citing State v. Sepulvado*, 367 So.2d 762 (La.1979). Furthermore, under both United States and Louisiana law, a sentence is unconstitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977); *State v. Handy*, 96-2505, p. 1 (La. 1/6/97), 686 So.2d 36, 37, *citing State v. Dorthey*, 623 So.2d 1276 (La.1993). The Louisiana Supreme Court has provided a list of several factors that appellate courts are to consider in ascertaining whether a sentence, by its excessive duration or severity, is grossly disproportionate to the underlying offense. *State v. Baxley*, 94-2982 (La. 5/22/95), 656 So.2d 973, *citing State v. Telsee*, 425 So.2d 1251, 1253 (La.1983). The appellate court's analysis of the sentence is cumulative and centers on an amalgam of relevant factors. *Id.* Among these factors the supreme court notes, are "the nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions." *Baxley*, 656 So.2d at 980, *citing Telsee*, 425 So.2d at 1253-54.

*State v. Wilturner*, 03-719, pp. 5-6 (La.App. 3 Cir. 11/5/03), 858 So.2d 743, 746.

Regarding the first factor noted in *Wilturner*, we find the nature of the offense, second-offense possession of marijuana, is not serious. On the other hand, the nature of the offender does not weigh in his favor. He is a fifty-seven-year-old man with a prior conviction for possession; apparently, he has not learned from his prior offense. When he testified at the sentencing hearing, Defendant admitted to smoking marijuana since the arrest in the offense at hand. He also admitted to using methamphetamine on the night of the arrest and on prior occasions.

Regarding another factor, comparison of the sentence to sentences for the same offense in other courts, we observe the fifth circuit has stated:

> The Defendant's sentencing exposure under La.R.S. 40:966(E)(2) was zero to five years. His sentence of three years is a mid-range term, not inconsistent with his extensive history of drug convictions. The Defendant testified that he was on parole for a drug conviction at the time of his arrest in the instant case. His sentence is actually illegally lenient, because the trial court failed to impose a mandatory fine of not more than two thousand dollars. We find that the trial judge did not abuse his broad discretion in imposing a three-year sentence.

*State v. Proctor*, 04-1114, p. 9 (La.App. 5 Cir. 3/29/05), 901 So.2d 477, 483.

(Footnote omitted). In an earlier case, the same circuit explained:

> We find the defendant's five-year sentence is not excessive. In *State v. Mayweather*, 556 So.2d 200 (La.App. 2 Cir.1990), the Second Circuit upheld a defendant's five-year sentence after he pled guilty to second offense possession of marijuana. The court noted that the defendant had one prior conviction for marijuana possession and had a current charge for marijuana distribution pending when he committed the present offense. The court further noted that the three offenses had occurred within a three year period. The court also noted defendant had several other arrests. Also, in *State v. Herron*, 506 So.2d 970 (La.App. 3 Cir.1987), *writ denied*, 512 So.2d 440 (La.1987), the Third Circuit upheld a defendant's five-year sentence for second offense possession of marijuana. The court noted the defendant had two prior drug-related convictions, had failed to respond to probationary treatment, and was the primary source of marijuana for young people in the area.
>
> Although a presentence investigation was not conducted in this case, the record shows that the defendant was twenty years old when the present offense was committed. He committed the present offense within three months of being convicted of possession with intent to distribute

7

marijuana. The certified copy of his prior conviction shows the defendant was sentenced to five years at hard labor on July 15, 2002. His sentence was suspended and he was placed on three years of active probation. Thus, the defendant was on probation when he committed the present offense. Additionally, the deputies observed defendant attempting to flag down passing cars which suggests defendant may have been attempting to distribute the marijuana in his possession.

We find the trial court did not abuse its discretion in imposing the maximum jail sentence for defendant's conviction for second offense possession of marijuana. The defendant's involvement in drug activity was not curtailed by his prior conviction or his probationary treatment. We find the defendant's five-year sentence does not shock the conscience.

*State v. Brown*, 04-230, pp. 5-6 (La.App. 5 Cir. 7/27/04), 880 So.2d 899, 903.

Defendant in the present case does not have a long history of drug convictions; his lone prior conviction occurred in 1974. However, as already noted, he admitted to drug usage in open court. The cited cases show the present sentence does not exceed jurisprudential norms. Further, taking all of the *Baxley*/*Telsee* factors into account, Defendant's sentence for second-offense possession of marijuana is not excessive.

## ASSIGNMENT OF ERROR NO. 8

In his final assignment of error, Defendant argues that his trial counsel was ineffective. He acknowledges the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984): (1) whether counsel's performance was deficient, and (2) whether the deficiency prejudiced the defendant.

Defendant first argues that counsel's performance was deficient because he allowed Defendant to plead guilty to two charges that punished him twice for the same conduct, thus violating double jeopardy protections. As discussed earlier, the record is unclear regarding this issue; therefore, it should be deferred to the post-conviction relief process, which will allow the record to be developed further.

8

Next, Defendant argues that trial counsel incorrectly advised him that his sentence for illegal carrying of weapons would carry a sentence of no more than two and one-half years and that he would be eligible for probation and/or parole. Also, he complains that trial counsel did nothing to rectify the error and did not move to withdraw the plea. We have already concluded that the sentence for illegal carrying of weapons should be vacated and the case remanded for resentencing; this issue is pretermitted. Defendant will retain the right to raise issues surrounding the sentence in a new appeal after he is resentenced.

Defendant also argues that trial counsel failed to object to the trial court's comments at sentencing regarding the substantial benefits he received from the reduction of the original charges. In connection with this argument, he again alleges that he possessed valid prescriptions for two of the three drugs named in the original bill. At the plea hearing, Defendant stated that he took hydrocodone pursuant to a prescription. At the sentencing hearing, he stated that he took the prescription pain medication Lorcet. Reference to the jurisprudence indicates this product contains hydrocodone. *See, e.g., State v. Turner*, 04-1250 (La.App. 3 Cir. 3/2/05), 896 So.2d 286, *writ denied*, 05-871 (La. 12/12/05), 917 So.2d 1084. However, the fact-intensive inquiry urged by appellate counsel would delve into potential evidentiary matters that would be better addressed in the post-conviction process. Arguments regarding the strength of the State's case, *e.g.*, whether the State could have proven that Defendant possessed any of the drugs at issue in either of the two bills and whether he had valid prescriptions for two of the three drugs listed in the original bill, could be better addressed after both parties have an opportunity to further develop the record.

In relation to the sentence for attempted illegal carrying of weapons, Defendant's ineffective assistance argument is pretermitted. As mentioned earlier, we

9

find that sentence should be vacated and the case remanded for resentencing. In relation to the sentence for second-offense possession of marijuana, we find Defendant suffered no prejudice from the lack of objection to the trial judge's remarks. As discussed in the previous assignment, the sentence Defendant received for that offense was moderate.

Defendant also argues that trial counsel failed to act when Defendant received a sentence that exceeded that which was agreed upon at the guilty plea. As noted earlier, trial counsel and the State apparently believed that Defendant was eligible for probation and parole, and possibly that he could serve only a maximum sentence of two and one-half years. In our view, this mistake constitutes deficient performance, the first prong of the *Strickland* analysis. Trial counsel could easily have found the correct sentencing possibilities by consulting the Criminal Code. As for the second prong of *Strickland*, it is difficult to assess whether trial counsel's deficient performance truly prejudiced Defendant's case. As previously discussed, Defendant might not have received probation, even if the trial court had the discretion to grant it. Further, his three-year sentence for attempted illegal carrying of weapons is only six months longer that the term that trial counsel mistakenly believed was available. Further, as the State has conceded that Defendant should be re-sentenced on that charge, it is entirely possible that he may be satisfied with the new sentence and the plea result as a whole.

Defendant also argues that trial counsel should have objected to the amended bill, since it did not specify what drug formed the basis for the illegal carrying of weapons charge. He makes a similar argument regarding the lack of a factual basis at the plea hearing and the trial court's error regarding the minimum sentence for the weapons conviction. We have concluded that a factual basis for the plea was not

10

necessary and that the case should be remanded for re-sentencing for illegal carrying of weapons. Thus, there is no prejudice, for *Strickland* purposes, in regard to the latter pair of arguments.

Regarding his argument about the bill, it is not clear that Defendant's case was prejudiced by the lack of specification of which drug supported the illegal carrying of weapons charge. Making such a determination would require more information regarding the strength of the State's case and what information was conveyed to Defendant before he made his guilty plea. On the current record, Defendant's plea appears to have been beneficial, as he received relatively low sentences. This was his second marijuana offense, and he was also using methamphetamine on the night he was arrested. A fair determination of whether his case was actually prejudiced by the ambiguous bill can be reached in the post-conviction process, where the record can be developed by both parties.

## DECREE

For the foregoing reasons, the guilty pleas and the sentence for second-offense possession of marijuana are affirmed. However, the sentence for attempted illegal carrying of weapons is vacated and the case remanded for resentencing on that charge.

**AFFIRMED IN PART; SENTENCE VACATED AND REMANDED FOR RESENTENCING IN PART.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.